WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Kaweske, et al., | No. CV-15-01198-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Thomas DeRosa, et al., | |
| Defendants. | |

Pending before the Court are the Motion for Summary Judgment by Defendants Thomas and Beatrice DeRosa (Doc. 19) and the Cross-Motion for Summary Judgment by Plaintiffs Pamela and John Kaweske (Doc. 21). For the following reasons, the Court grants Defendants' motion and denies Plaintiffs' motion.

## BACKGROUND

Plaintiff Pamela Kaweske and Defendant Beatrice DeRosa were conversing in a fenced-in dog park at Canyon Vistas RV Resort while their dogs played in the dog park without wearing leashes. DeRosa's golden retriever, Jack, bumped into Kaweske from behind, causing her to lose her balance. Although Kaweske managed to grab DeRosa's shoulders and prevent herself from falling, Kaweske alleges that she sustained serious injuries.

## DISCUSSION

**I.  Legal Standard**

The Court grants summary judgment when the movant "shows that there is no

1  genuine dispute as to any material fact and the movant is entitled to judgment as a matter
2  of law." Fed. R. Civ. P. 56(a). In making this determination, the Court views the
3  evidence "in a light most favorable to the non-moving party." *Warren v. City of*
4  *Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995). Where the parties have filed cross-motions
5  for summary judgment, the Court "evaluate[s] each motion independently, 'giving the
6  nonmoving party in each instance the benefit of all reasonable inferences.'" *Lenz v.*
7  *Universal Music Corp.*, 2015 WL 5315388, at *2 (9th Cir. Sept. 14, 2015) (quoting
8  *ACLU v. City of Las Vegas,* 333 F.3d 1092, 1097 (9th Cir.2003)). "[A] party seeking
9  summary judgment always bears the initial responsibility of informing the district court
10 of the basis for its motion, and identifying those portions of [the record] which it believes
11 demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*,
12 477 U.S. 317, 323 (1986).

13 The party opposing summary judgment "may not rest upon the mere allegations or
14 denials of [the party's] pleadings, but . . . must set forth specific facts showing that there
15 is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v.*
16 *Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Brinson v. Linda Rose Joint Venture*,
17 53 F.3d 1044, 1049 (9th Cir. 1995). Substantive law determines which facts are material,
18 and "[o]nly disputes over facts that might affect the outcome of the suit under the
19 governing law will properly preclude the entry of summary judgment." *Anderson v.*
20 *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is
21 such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v.*
22 *Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S.
23 at 248). Thus, the nonmoving party must show that the genuine factual issues "can be
24 resolved only by a finder of fact because they may reasonably be resolved in favor of
25 either party." *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818
26 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250).
27 / / /
28 / / /

**II.     Analysis**

Kaweske sues under theories of common law negligence and statutory strict liability. Both of these claims fail.

**A.     Common Law Negligence**

Under Arizona common law, liability for injury by animals "is imposed only if the owner knew or had reason to know the dangerous propensities of the animal." *James v. Cox*, 130 Ariz. 152, 153 n.1, 634 P.2d 964, 965 n.1 (App. 1981). Thus, the "common law theory" is "one of negligence." *Id.*

Here, Plaintiffs have failed to make any showing that Defendants knew or had reason to know that Jack, their golden retriever, had any dangerous propensities. Plaintiffs assert that Defendants knew that Jack "would occasionally run, jump around and bump into people without their consent at [the dog park]." (Doc. 21 at 4.) Plaintiffs point to Thomas DeRosa's deposition testimony:

> Q:   Does [Jack] behave around other people without any problems?
>
> A:   Yes, he does.
>
> Q:   Have there been any situations where he's caused injury to another individual during the time that you've owned him?
>
> A:   No, never.
>
> Q:   How about [have] there been any situations where he's caused injury to another animal?
>
> A:   No, never.
>
> Q:   Do you know if he's ever jumped on a person or ran into them without their consent?
>
> [ . . . ]
>
> A:   When he's at the dog park running around with other dogs, it is quite frequent that he and other dogs tend to run around your legs. Even though they may have an acre to run in, they all seem to want to gather around your legs and will occasionally bump into you.

(Doc. 21-7 at PDF 6, Tr. 17.)

Jack's propensity to join the other dogs at the dog park in gathering around people's legs and occasionally bumping into them does not rise to the level of a

"dangerous" propensity under Arizona law. Jack had never bitten anyone or otherwise injured anyone. *See James*, 130 Ariz. at 154, 634 P.2d at 966 (no dangerous propensities where the dog had never bitten anyone); *Hartsock v. Bandhauer*, 158 Ariz. 591, 594, 764 P.2d 352, 355 (App. 1988) (testimony that "the dogs occasionally fought with each other and would snarl, growl and bite each other" and that the dogs' owner warned children "not to come in the yard because the dogs might bite them" was insufficient evidence of the dogs' "dangerous propensities abnormal to their class"); *Brady v. Skinner*, 132 Ariz. 425, 426, 646 P.2d 310, 311 (App. 1982) ("no showing of any dangerous propensities" on the part of two mules, one "ornery" and the other "playful and friendly," neither of which "had ever kicked, bitten, or tried to injure anyone"). In short, all evidence indicates that Jack has always behaved like a normal golden retriever. *Cf. Brady*, 132 Ariz. at 426, 646 P.2d at 311 ("[The mules] were no more dangerous than any other mules.").

Because Defendants had no reason to know that Jack had any dangerous propensities, Plaintiffs' common law negligence claim fails. *James*, 130 Ariz. at 153 n.1, 634 P.2d at 965 n.1.

### B. Strict Liability

The parties agree that Jack did not bite Pamela Kaweske, and therefore Plaintiffs concede that Defendants are not liable under A.R.S. § 11-1025(A), which applies only to dog bites. (Doc. 21 at 1.)

Plaintiffs maintain, however, that Defendants are strictly liable under A.R.S. § 11-1020, which provides that "[i]njury to any person or damage to any property by a dog while at large shall be the full responsibility of the dog owner or person or persons responsible for the dog when such damages were inflicted." The parties do not dispute any material facts. The sole issue is the legal question of whether a dog without a leash in a fenced-in dog park is "at large" under the statute.

The Arizona legislature defined "at large" to mean "neither confined by an enclosure nor physically restrained by a leash." A.R.S. § 11-1001. Plaintiffs assert that

dogs are not "confined by an enclosure" when they are in the fenced-in dog park. (Doc. 21 at 5.)

In construing the statute, the Court "give[s] effect to each word or phrase and appl[ies] the usual and commonly understood meaning unless the legislature clearly intended a different meaning." *Spirlong v. Browne*, 236 Ariz. 146, 149, 336 P.3d 779, 782 (App. 2014) (quotations omitted). A fenced-in area is an "enclosure" in the ordinary sense of the word. *See* Black's Law Dictionary (defining "enclose" as "to fence or hem in on all sides" and "enclosure" as "land surrounded by some visible obstruction"); *see also State v. Cabrera*, 114 Ariz. 233, 235, 560 P.2d 417, 419 (1977) ("the wrecking yard was surrounded by fence so as to constitute an 'enclosure'"); *Hight v. Indus. Comm'n*, 44 Ariz. 129, 131, 34 P.2d 404, 405 (1934) ("a fence enclosing six hundred acres" constitutes an "enclosure"); *Overson v. Cowley*, 136 Ariz. 60, 67, 664 P.2d 210, 217 (App. 1982) (a fenced area constitutes an "enclosure" even when the fencing "was not always in repair").

Here, the dog park is entirely fenced-in such that the dogs are restrained from leaving the dog park on their own accord, and therefore the dogs that play in the dog park are "confined by an enclosure." A.R.S. § 11-1001. As such, dogs are not "at large" when they are in the dog park, regardless of whether they are leashed. *Id.*

Plaintiffs assert that the legislature provided a second, narrower definition of "at large" which also applies here. Plaintiffs cite A.R.S. § 11-1012, titled "Dogs not permitted at large; wearing licenses," subsection D of which provides: "No person in charge of any dog shall permit such dog in a public park or upon any public school property unless the dog is physically restrained by a leash, enclosed in a car, cage or similar enclosure or being exhibited or trained at a recognized kennel club event, public school or park sponsored event."

This language does not modify the statutory definition of "at large" as it applies to this case. The legislature did not indicate that a dog is necessarily "at large" unless it is "enclosed in a car, cage or similar enclosure"; rather, the legislature specified that in

certain locations, dogs must be more narrowly restricted. No Arizona statute establishing strict liability for injuries caused by dogs applies here, and therefore Plaintiffs' strict liability claim fails.

**CONCLUSION**

Plaintiffs failed to establish that Defendants' dog, Jack, has dangerous propensities, and thus Defendants cannot be liable for common law negligence for injuries Plaintiff allegedly sustained after Jack bumped her. Moreover, because Jack did not bite Plaintiff and was not "at large" when he bumped her, statutory strict liability does not apply.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment by Defendants Thomas and Beatrice DeRosa (Doc. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Cross-Motion for Summary Judgment by Plaintiffs Pamela and John Kaweske (Doc. 21) is **DENIED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 24th day of June, 2016.

Honorable G. Murray Snow
United States District Judge